IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILLIAM RHOADES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:18-cv-558–HEH |
| ) | |
| COL. PATRICK KINSMAN, USACE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Granting Defendant's Motion to Dismiss)

This matter is before the Court on Defendant's Motion to Dismiss (the "Motion"), filed on October 12, 2018 (ECF No. 6). The dispute in this case centers on a levee that was originally constructed in 1969, without a permit, where Curles Creek meets the James River in Henrico County, Virginia. The levee was granted a permit, after the fact, in 1983 by the U.S. Army Corps of Engineers (the "Corps"). Later, in 2014, the Corps approved another permit that authorized an extension to the levee.

In his Complaint, William Rhoades (*pro se* "Plaintiff") contends that the 1983 and 2014 permits are invalid. In addition, he contends the levee obstructs navigable access between Curles Creek and the James River, allegedly restricting his liberty interest and public right of access to Curles Creek. By way of remedy, Plaintiff asks this Court to enter numerous declaratory judgments. However, it is apparent from the face of the Complaint that Plaintiff's action is barred by the applicable statute of limitations, and, in

addition, because Plaintiff lacks Article III standing. Consequently, the Motion to Dismiss will be granted.

## I. BACKGROUND

Curles Creek runs adjacent to Curles Neck Farm, near Route 5 in Henrico County, Virginia, where it converges with the James River. (Compl. Ex. A. 4, ECF No. 1-2.) A levee was built across Curles Creek in 1969.[1] (Compl. ¶ 35, ECF No. 1.) In May 1981, the Corps notified Richard Watkins, the previous owner of Curles Neck Farm, that the levee was constructed without a permit, and it was therefore "in violation of Section 10 of the River and Harbor Act of 1899." (Compl. Ex. G., ECF No. 1-8.)

In June 1981, Watkins applied for an after-the-fact permit for the levee. (Compl. ¶ 39.) In February 1983, Watkins received a letter ("February 1983 Letter") from the Corps indicating that his request would be approved, and Watkins was instructed to sign an enclosed after-the-fact permit that accompanied the letter. (Compl. Ex. A.) A "Record Permit," aptly labeled because it is maintained in the Corps's records, indicates that the after-the-fact permit took effect on April 1, 1983 and was signed by another official on the District Engineer's behalf. (Compl. Ex. B., ECF No. 1-3.)

Years later, in 2012, Thomas Pruitt, the current owner of Curles Neck Farm, submitted a permit application to the Corps seeking approval for a one-half mile extension to the levee. (Compl. 2, ¶ 18.) On September 10, 2014, the Corps granted the

---

[1] The earthen levee across Curles Creek "is approximately 800 feet long with a 15-foot top width .... The elevation of the top of the levee is approximately 7.2 feet above the mean high water elevation. Two water control flapgates are located near the north end of the levee, each four feet in diameter." (Compl. Ex. A. 4.)

permit for the extension—the construction of which is now complete. (Compl. ¶¶ 32, 44.)

On August 13, 2018, Plaintiff filed this action against Colonel Patrick Kinsman, ("Defendant") in his official capacity as Commander of the Norfolk District of the U.S. Army Corps of Engineers.[2] (Compl. 2.) Plaintiff alleges the "[Corps] wrongfully authorized the levee's extension by relying on two foundational documents," the February 1983 Letter and the Record Permit that the Corps maintains in its records. (*Id.* ¶ 32.) Plaintiff contends that neither document conforms with the Corps's regulations because the Corps has not produced a permit with original signatures. (*Id.* ¶ 33.) In addition, Plaintiff claims that these authorizations "failed to ensure an easement for public access" that he seeks to have recognized. (*Id.* ¶ 42.)

In his present action, Plaintiff presents three claims alleging that Defendant violated the Commerce Clause of the U.S. Constitution, Plaintiff's Procedural Due Process Rights, and Plaintiff's Substantive Due Process rights under the Fourteenth Amendment.[3] (*Id.* ¶¶ 51–71). As a remedy, Plaintiff asks the Court to enter declaratory judgments that (1) recognize a public right of access to Curles Creek; (2) find there is insufficient evidence of a valid Corps permit for the levee across Curles Creek; (3) find

---

[2] In 2016, Plaintiff filed a similar lawsuit in this Court alleging the 2014 levee extension violated the Commerce Clause of the U.S. Constitution, as well as his rights under the Due Process Clause of the Fifth Amendment. *Rhoades v. Walker*, No. 3:16-cv-335–HEH, 2016 WL 4491845 (E.D. Va. Aug. 25, 2016). That case was dismissed for lack of standing. *Id.* (dismissing for lack of causation and redressability).

[3] Defendant recognizes that "Plaintiff's claims are asserted against Colonel Patrick Kinsman in his official capacity as Commander of the [Army Corps of Engineers], a federal agency, [therefore,] the first and third claims should be properly understood as Fifth Amendment claims." (Def.'s Mem. in Supp. Mot. to Dismiss 10–11, ECF No. 7.) Although the Court agrees with Defendant, however, because the Court will dismiss Plaintiff's Complaint on other grounds, the Court need not address the merits of these claims.

the levee is not lawfully authorized and deprives Plaintiff of his rights of access to the Creek; (4) find that, even if the levee becomes authorized, Plaintiff cannot be deprived of his right of access absent a legitimate government interest; and (5) that no such government interest exists. (*Id.* at 15.)

## II. STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 951 (4th Cir. 1992). While "detailed factual allegations" are not required, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, to survive a 12(b)(6) challenge, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, to a level that is "plausible on its face," *id.* at 570. In reviewing a 12(b)(6) motion, the Court assumes well-pleaded allegations to be true and views a complaint's facts in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, legal conclusions are not entitled to the same deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On 12(b)(6) review, the Court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," however, the Court may consider an affirmative defense when there are sufficient facts alleged in the complaint to make a ruling. *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir.

2007). "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint.*'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993); also citing *Desser v. Woods*, 296 A.2d 586, 591 (Md. 1972)).

A litigant may also challenge the court's subject-matter jurisdiction via a Rule 12(b)(1) motion at any point in a case because jurisdiction invokes the court's power to resolve a legal dispute. *See* Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (stating subject-matter jurisdiction can never be forfeited or waived). Similarly, "[i]f the plaintiff does not have [Article III] standing, this Court . . . can go no further in evaluating this case, and it must be dismissed." *Ryals v. Strategic Screening Sols., Inc.*, 117 F. Supp. 3d 746, 749 (E.D. Va. 2015) (citing *Arbaugh*, 546 U.S. at 514); *see also White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (standing arguments are properly brought under a Rule 12(b)(1) motion).

A court must review *pro se* complaints with a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, this requirement cannot excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## III. ARGUMENT

Defendant challenges Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6). Defendant contends that Plaintiff's challenges to the 1983 and 2014 permits are barred by the applicable statute of limitations in 28 U.S.C. § 2401. (Def.'s Mem. in Supp. Mot. to Dismiss 4, 11–12.) The Court will address this issue first because, if certain claims are barred by the statute of limitations, then the Court need not address their merits.

The United States' waiver of sovereign immunity in civil actions is conditioned upon the imposition of a six-year statute of limitations. 28 U.S.C. § 2401(a); *In re Carrington Gardens Assocs.*, 258 B.R. 622, 630 (E.D. Va. 2001), aff'd sub nom, *Carrington Gardens Assocs. v. United States*, 49 F. App'x 427 (4th Cir. 2002). "Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition . . . and as such must be strictly construed." *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987) (citations omitted); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (declaring subject-matter jurisdiction can never be forfeited or waived).

For cases involving administrative agencies, the time in which a plaintiff may file a complaint begins as soon as the agency has completed its decision making process, and the result of that decision directly affects the parties. *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992); *Spannaus*, 824 F.2d at 56 ("A cause of action against an administrative agency 'first accrues,' within the meaning of § 2401(a), as soon as . . . the person challenging the agency action can institute and maintain a suit in court.") Pertinent to this case, § 2401(a) has previously been applied to bar a plaintiff from challenging a permit issued by the U.S. Army Corps of Engineers. *See P & V*

*Enterprises v. U.S. Army Corps of Engineers*, 516 F.3d 1021, 1022 (D.C. Cir. 2008) (affirming the dismissal of a complaint against the Corps where the plaintiff's claims were barred pursuant to 28 U.S.C § 2401(a)).

In the current matter, the Complaint states:

> This action challenges the validity of the September 10, 2014 [U.S. Army Corps of Engineers] permit for the levee extension, and is brought within the statute of limitations. Plaintiff alleges that on that date [the Corps] wrongfully relied on a permit for the levee that was proffered in 1983, but was never accepted and signed by the intended permittee.

(Compl. ¶ 5) Stated differently, Plaintiff alleges that the 1983 after-the-fact permit is invalid because it was never signed, and consequently, this alleged deficiency extends to invalidate the 2014 permit. By focusing on the 2014 permit, Plaintiff attempts to side-step the six-year statute of limitations, and present his Complaint as timely filed. The Court, however, is not persuaded.

Here, it is clear from the face of the Complaint that Plaintiff's challenges to both permits hinge on whether the 1983 permit was valid. Therefore, Plaintiff attempts to belatedly challenge an administrative decision that first accrued in 1983—more than thirty-five (35) years ago. Consequently, the applicable statute of limitations, 28 U.S.C § 2401(a), ran in 1989 and Plaintiff's challenges to the 1983 and 2014 permit are barred.[4]

---

[4] Furthermore, while the Court must view all well-pleaded facts in Plaintiff's favor, the Court is not bound by Plaintiff's legal conclusions that the permits are invalid. While the Court does not resolve issues of fact at this stage of the proceeding, the Court recognizes that Plaintiff has attached exhibits to his Complaint that appear to undermine his allegation that the 1983 permit was never signed and accepted. Specifically, the Record Permit maintained by the Corps (Compl. Ex. B) indicates that the after-the-fact permit was signed in 1983 in accordance with applicable regulations at the time the permit was issued. *See* 33 C.F.R. § 325.8(b) (1982) ("It is essential to the legality of a permit that it contain the name of the District Engineer as the issuing officer. However, the permit need not be signed by the District Engineer, in person; but may be signed for and in behalf of him by whoever he designates."). Furthermore, Exhibit C indicates that the Corps's, "maintaining a 'Record of Permit,' rather than a signed final copy of the

Beyond the validity of the 1983 and 2014 permits, Plaintiff seeks to vindicate his perceived right of access to Curles Creek. He claims that "[t]he authorization of the levee failed to ensure an easement for public access despite the fact that (1) portaging rights are incidental to navigation, and (2) the land locking of the publicly-owned waterway created legitimate justification for an 'easement by necessity.'" (Compl. ¶ 42.) The Court is dubious of whether a federal district court is an appropriate forum—as opposed to a state court—to address what appears to be a dispute over real property and access to land. However, the Court need not reach this question because it is apparent that Plaintiff lacks standing to assert his claim of a public right of access.

Standing is a "core component" of a court's ability to resolve specific cases and controversies under Article III of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum" to establish standing requires that each claim plausibly satisfy three requirements: (1) an injury in fact, (2) causation, and (3) redressability. *Id.* at 560–61.

Addressing each of these requirements in turn, a plaintiff must demonstrate an injury in fact through a violation of a legally protected interest that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560 (internal citations omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The Supreme Court has stated that "'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not

---

permit" was "consistent with [the Corps's] record keeping practices in the timeframe when this permit [dated April 1, 1983] was issued." (Compl. Ex. C., ECF 1-4.)

sufficient" to satisfy this requirement. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore*, 495 U.S. at 158). To demonstrate the second facet of standing, a plaintiff must plead a *causal link* between the injury and the defendant's conduct—that is the injury must be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560–61 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)). Finally, to satisfy the third facet of standing, redressability, a plaintiff must show that it is likely, and not merely speculative, that his injury will be redressed by a favorable outcome of the litigation. *Id.* at 561.

Here, Plaintiff's claim of public access to Curles Creek fails because it cannot be redressed by the Court in the current suit. As detailed above, Plaintiff's claim depends in large part on the validity of permits that the Corps granted to the private owners of Curles Neck Farm. Plaintiff was not a party to these decisions and cannot challenge them based upon the application of the statute of limitations. Second, Plaintiff's claim, which is tantamount to requesting an "easement for public access," seeks to determine property rights that impact a party who is not even before the Court. *See Lujan*, 504 U.S. at 560–61. Similarly, the Court will not enter a judgment that essentially authorizes Plaintiff's trespassing on private property. Thus, having concluded that Plaintiff's claim for public access cannot be redressed in the current lawsuit, the Court need not address the remaining requirements of causation and an injury in fact.

## IV. CONCLUSION

For all these reasons, Defendant's Motion to Dismiss will be granted because Plaintiff's challenge of the underlying 1983 permit (and thereby the 2014 permit that relies on it) was filed well-beyond the statute of limitations. Also, the Court finds that Plaintiff lacks standing to challenge his alleged right of public access to Curles Creek and the levee. Having concluded that the statute of limitations, combined with the issue of standing, operate to bar Plaintiff's Complaint from proceeding, the Court need not address the merits of Plaintiff's individual constitutional claims. An accompanying Order will follow this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: December 19, 2018
Richmond, Virginia